Amy SCHMIDT, Appellant,

v.

**SPECIAL SCHOOL DISTRICT NO. 1, Appellee.**

No. 95–2546.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1995.

Decided Feb. 29, 1996.

Linda A. Miller, St. Paul, Minnesota, argued, for appellant.

---

5. We also deny Colt's' motion to strike portions of FCT's brief.

Nancy Ellen Blumstein, Minneapolis, Minnesota, argued (Paul C. Ratwik, on the brief), for appellee.

Before BOWMAN and LOKEN, Circuit Judges, and SCHWARZER,[*] District Judge.

BOWMAN, Circuit Judge.

Amy Schmidt appeals the order of the District Court[1] denying her motion seeking to compel Special School District No. 1 to pay her attorney's fees under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(e)(4)(B) (1994). We affirm.

Schmidt received special education services under the IDEA beginning in 1989. In 1990, she was enrolled in the licensed practical nursing (LPN) program at Minneapolis Technical College. In 1992, Schmidt was withdrawn from the LPN program for problems evidently associated with her disability. She requested and received an IDEA due process hearing in 1993, from which she received a favorable decision. Schmidt received attorney's fees as a prevailing party in these proceedings.

Thereafter, and as a result of the hearing, Schmidt and the School District began negotiating a revised Individual Education Plan (IEP) for Schmidt. Believing that Schmidt and the School District had come to an agreement, the School District presented a draft IEP to Schmidt on March 3, 1994. Schmidt, having changed attorneys since the draft IEP was negotiated, rejected it. On March 18, a revised IEP was presented to Schmidt, and she rejected it as well. On March 30, the School District requested an IDEA due process hearing, seeking a determination that its proposed IEP was sufficient under the terms imposed by the first hearing officer and under the IDEA. The case then went to mediation. The protracted negotiations finally resulted in a mutual agreement on the IEP on May 27, 1994.

 Schmidt brought this action in the District Court seeking fees, as the prevailing party, for her attorney's services beginning March 22, 1994. The District Court, in a carefully reasoned opinion, held that Schmidt was not a prevailing party under 20 U.S.C. § 1415(e)(4)(B), which provides that the District Court, "in its discretion," may award attorney's fees when a disabled student is a "prevailing party" in an IDEA hearing.[2]

The court noted that the revisions made to the IEP after March 22, 1994, were "of *de minimis* beneficial value to Schmidt's education." *Schmidt v. Special Sch. Dist. No. 1*, No. 4–94–MC34, Order at 9 (D.Minn. May 18, 1995). The court also relied on the fact that the School District, and not Schmidt, sought the hearing on the adequacy of the IEP. Further, because the School District agreed "to provide more than it is required to provide under the IDEA, the student—though benefited—cannot be said to be the 'prevailing party' entitled to attorney's fees." *Id.*

 We have reviewed the District Court's order for abuse of discretion. *Borengasser v. Arkansas State Bd. of Educ.*, 996 F.2d 196, 199 (8th Cir.1993) ("We review attorney's fees award decisions under an abuse of discretion standard."). Finding none, we affirm.

---

[*] The HONORABLE WILLIAM W. SCHWARZER, United States District Judge for the Northern District of California, sitting by designation.

[1] The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

[2] The statute upon which Schmidt relies in her claim for attorney's fees reads as follows: "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C. § 1415(e)(4)(B) (1994). According to the record before us, Schmidt is an adult and brings this suit in her own name; that is, no parent or guardian is named as a plaintiff. The School District, however, did not challenge the request for fees on this basis, and we do not consider it *sua sponte*.