**Anthony DAVIS,**

v.

**Kent WARMAN, Pennsylvania Department of Corrections Official; Maria Balestrieri, Pennsylvania Department of Corrections Official.**

**No. 02–1120.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 27, 2002.

Opinion Filed Oct. 1, 2002.

Before BARRY, AMBRO, and GARTH, Circuit Judges.

## OPINION

GARTH, Circuit Judge.

This case presents the question whether a prisoner may bring suit under 42 U.S.C. § 1983 even though he has not exhausted administrative remedies, as a provision of the Prison Litigation Reform Act ("PLRA") requires. Appellant Anthony Davis appeals from the District Court's dismissal of his suit for failure to exhaust these remedies.

We affirm.

## I.

On March 16, 1998, Anthony Davis, an inmate at the Pennsylvania State Correctional Institution at Greensburg, was beaten by another inmate, Duncan Plowden, in the kitchen area where the two inmates were working. This attack resulted in several injuries to Davis. Davis alleged that he had notified prison officials, orally and in writing, of threats that Plowden had allegedly made, and requested that the officials remove Davis from his work duties in the kitchen. Davis alleged that the prison officials did not respond to Davis's complaints, nor did they remove him from the kitchen area until after the beating occurred. See Amended Compl. 9, ¶¶ 10–22, App. 42–45.

On February 8, 2000, just under two years after the injuries had occurred, Davis filed suit against Warman and Balestrieri, officials of the Pennsylvania Department of Corrections, alleging that defendants, "[t]hrough their deliberate indifference," had violated Davis's Eighth Amendment right to be free from cruel and unusual punishment. See Amended Compl. ¶ 23, App. 45.

Defendants moved to dismiss on the grounds that Davis had not exhausted his administrative remedies pursuant to the PLRA. After issuing an initial report and recommendation in favor of dismissal for failure to exhaust administrative remedies, the Magistrate Judge granted Davis leave to amend his complaint to include allegations related to the issue of exhaustion of administrative remedies. Davis amended his complaint to allege that the inmate handbook provided by Pennsylvania Department of Corrections indicated only that inmates "may" file grievances in accordance with the procedures outlined, not that inmates must do so if they wish to satisfy the PLRA's exhaustion requirement. Thus, Davis alleged that the grievance procedures were optional. See Appellant's Brief at 6–7 (citing Amended Compl. ¶¶ 24–29).

Defendants once again moved to dismiss on the same grounds. The Magistrate Judge subsequently issued a Second Report and Recommendation, in which he recommended that the prison officials' motion to dismiss be granted and the plaintiff's complaint be dismissed because the PLRA required Davis to exhaust his administrative remedies. See *Davis v. Warman*, No. 00–262 (W.D.Pa. Sept. 27, 2001) (Caiazza, M.J.). Davis filed objections to the Magistrate Judge's Second Report and Recommendation.

The District Court for the Western District of Pennsylvania ordered that the Report and Recommendation be adopted as the district court's opinion. *Davis v. Pa. Dep't of Corr.*, No. 00–262 (W.D. Pa. Dec. 20, 2001) (mem.) at 2.

This timely appeal followed.

## II.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We have plenary review of a district court's order granting a motion to dismiss for failure to state claim. *See Bd. of Trs. of Bricklayers and Allied Craftsmen Local 6 of New Jersey Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir.2001).

The Prison Litigation Reform Act of 1995 provides, in relevant part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.*" 42 U.S.C. § 1997e(a) (emphasis added).

In *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), the Supreme Court recently considered this provision of the PLRA, holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 992. The *Porter* Court reviewed the requirements of the PLRA:

> Once within the discretion of the district court, *exhaustion* in cases covered by § 1997e(a) is *now mandatory....* All *"available" remedies must now be exhausted;* those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." ...

Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all "action [s] ... brought with respect to prison conditions," whether under § 1983 or "any other Federal law."

*Id.* at 988 (citing *Booth v. Churner*, 532 U.S. 731, 739, 740 n. 5, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), affirming our Third Circuit decision, *Booth v. Churner*, 206 F.3d 289 (3d Cir.2000)) (emphasis added) (statutory citations omitted). We have previously recognized that the PLRA "make[s] exhaustion of all administrative remedies mandatory" preconditions to filing suit. *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir.2000).

As these precedents demonstrate, § 1997e(a) of the PLRA was intended to, and functions as, a strict limit on inmate suits under federal law where the inmate has failed to exhaust administrative remedies, regardless of the particular type of claim or the futility of obtaining the relief sought through exhaustion of the administrative remedies available.

Here, Davis admits that he did not exhaust administrative remedies. Thus, unless Davis can show that his situation calls for an exception to the exhaustion requirement, his claim will be barred.

## III.

Davis alleges that his failure to exhaust administrative remedies as required by the PLRA is excusable. According to Davis, the publication of the Pennsylvania Department of Corrections ("DOC"), published in 1994, that details the grievance procedure uses permissive words, *i.e.*, "can" or "may," in describing use of the grievance procedure. Davis asserts that he thus interpreted the DOC publication to

mean that the grievance procedures are permissive, not mandatory, and as a result the publication does not provide inmates with notice that failure to avail oneself of the grievance procedures will result in the restriction of an inmate's ability to bring suit.

Essentially, Davis's argument boils down to a complaint that the DOC publication did not inform him of the PLRA's exhaustion requirements, that as a result Davis was misled into thinking that the grievance procedure was optional, and that by the time Davis learned of the PLRA, it was too late to file a grievance.[1] *See* Commonwealth of Pennsylvania, Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC–ADM 804 § VI.B.2. (Oct. 20, 1994) ("Grievances must be submitted for initial review ... within fifteen (15) days after the events upon which the claims are based.").

Davis argues that this Court should exercise equitable power to excuse his failure to exhaust administrative remedies, and suggests the possibility of equity excusing his failure to exhaust under the PLRA.

Given our reluctance to invoke equitable reasons to excuse Davis's failure to exhaust as the statute requires, Davis, in any event, cannot prevail by claiming he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate.

## IV.

Because Davis failed to exhaust his available administrative remedies, the PLRA bars Davis from bringing his § 1983 lawsuit. Davis has not demonstrated that there was any interference by prison officials that rendered the Pennsylvania DOC's grievance process unavailable. Accordingly, the dismissal of Davis's lawsuit by the district court will be AFFIRMED.

---

1. *See* Appellant's Brief at 16 ("In the present case, the Pennsylvania Department of Corrections' maintenance of a written policy whose text suggested that pursuing a grievance is *optional* rather than *mandatory,* created a serious misimpression for inmates unlearned in the law.") (emphasis in original).