

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2005

# Salley v. Bd Ed Trenton

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3908

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Salley v. Bd Ed Trenton" (2005). *2005 Decisions.* Paper 254.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/254

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3908
_____

RHASHAY SALLEY,

Appellant

v.

TRENTON BOARD OF EDUCATION
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-01299)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
August 26, 2005

Before: ROTH, MCKEE AND ALDISERT, CIRCUIT JUDGES

(Filed: November 7, 2005)

_____

OPINION

_____

PER CURIAM

Rhashay Salley appeals from the order of the District Court granting summary

judgment in favor of the Trenton Board of Education. We will affirm.

Salley is an adult who received services as a classified student in the Trenton School District prior to his graduation in 2002. After his graduation, he retained Tracee Edmondson, an educational consultant and the president/founder of Total Envolvement consulting firm, to aid him in securing transitional services to which he believed he was entitled pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Salley filed a request with the New Jersey Department of Education for a due process hearing and the matter was forwarded to mediation. As a result of mediation, Salley settled with the Trenton Board of Education, and the parties signed a "Notice of Agreement" stating that "The Trenton BOE agree[s] to hold an evaluation planning meeting for R.S. . . . within the next 30 (thirty) days . . . ."

In March 2004, Salley filed a motion in the District Court requesting an award of fees and costs to Total Envolvement, pursuant to 20 U.S.C. § 1415, for services that Edmondson provided in reaching the agreement with the Board of Education. The Board filed a motion for summary judgment, which was granted. Salley filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review a decision to award or refuse attorney's fees under the IDEA's fee-shifting provision for an abuse of discretion. Holmes v. Millcreek Township Sch. Dist., 205 F.3d 583, 589 (3d Cir. 2000). "[W]e exercise plenary review over the legal issues relating to the appropriate standard under which to evaluate an application for attorney's fees." J.O. v. Orange Township Bd. of Educ., 287 F.3d 267, 271 (3d Cir. 2002) (quoting County of Morris v. Nationalist Movement, 273 F.3d 527, 535 (3d Cir. 2001)).

Attorneys' fees may be awarded under the IDEA to the parents of a child who is a prevailing party. 20 U.S.C. § 1415(i)(3)(B).[1] The Supreme Court's clarification of the term "prevailing party" in Buckhannon Boad & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 604-05 (2001), applies to attorney's fees claims brought under the IDEA. John T. v. Del. County Intermediate Unit, 318 F.3d 545, 556 (3d Cir. 2003). Fees can be recovered under the IDEA if the parties entered into a "judicially sanctioned" settlement agreement. Id. at 558.

We agree with the District Court that Salley cannot be considered a prevailing party. The parties' agreement merely sets forth the next procedural step in Salley's pursuit of his legal rights. Moreover, the agreement was not judicially sanctioned. The agreement is not entitled "Order," the District Court did not sign the agreement, and the agreement does not provide for judicial enforcement. Because we will affirm on this basis, we do not reach the Board of Education's argument that Edmondson is not entitled to an award of fees for the services she provided because she is not an attorney.

To the extent Salley is appealing the District Court's acceptance of the Board's answer, which he asserts was untimely, we conclude that the District Court did not abuse its discretion. See Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995).

For the foregoing reasons, we will affirm the District Court's order.

---

[1] Section 1415(i)(3)(B) specifically states that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." Salley is an adult who brought this suit in his own name; no parent or guardian is named as a plaintiff. The Board, however, did not challenge Salley's request on this basis, and we do not consider it *sua sponte*. See Schmidt v. Special School Dist. No. 1, 77 F.3d 1084, 1085 n.2 (8th Cir. 1996).

3