

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Deptford Twp Sch v. H.B.

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1185

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Deptford Twp Sch v. H.B." (2008). *2008 Decisions.* Paper 1181.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1181

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1185
_____

DEPTFORD TOWNSHIP SCHOOL DISTRICT,

Appellant,

v.

H.B., by her parents and legal guardians,
E.B. and P.B.; E.B., parent and legal guardian;
P.B., parent and legal guardian,

Defendants/Third-Party Plaintiffs,

v.

RAYMOND SHERMAN, in his official capacity as
Director of Special Education for Deptford
Township School District; BARBARA GANTWERK,
in her official capacity as Director of
the New Jersey Office of Special Education;
ATTORNEY GENERAL OF NEW JERSEY, in his official
capacity as Attorney General of the State of New Jersey,

Third-Party Defendants.

_____

On Appeal from United States District Court
for the District of New Jersey
D. C. No. 01-cv-00784
District Judge: Honorable Jerome B. Simandle

_____

Argued May 5, 2008

Before: SCIRICA, *Chief Judge*, BARRY, and HARDIMAN, *Circuit Judges*.

(Filed: May 21, 2008)

James F. Schwerin (Argued)
Parker McCay
1009 Lenox Drive
Building 4 East, Suite 102A
Lawrenceville, NJ 08648-0000
        *Attorney for Appellant*

Jamie Epstein (Argued)
1101 Route 70 West
Cherry Hill, NJ 08002-0000
        *Attorney for Appellees*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Deptford Township School District appeals the District Court's award of attorneys' fees to H.B. and her parents E.B. and P.B. (Appellees) pursuant to the Individuals With Disabilities in Education Act (IDEA). Because we conclude that Appellees were not the "prevailing party," we will reverse.

I.

As we write exclusively for the parties, we recount only those facts essential to our decision.

2

H.B. is an autistic child who qualifies for educational services under the IDEA, 20 U.S.C. § 1400, *et seq*. H.B. began attending school in the Deptford Township School District on February 16, 1999. Shortly thereafter, H.B.'s parents met with her educational team to prepare an Individualized Education Program (IEP) for the upcoming school year. *See* 20 U.S.C. § 1414(d). After H.B.'s parents objected to the IEP proposed by the School District, its Special Services Director requested a mediation conference. The parents declined to mediate and filed a petition for due process with the New Jersey Office of Special Education. The matter was assigned to the Honorable John R. Futey (ALJ).

On December 6, 2000, the ALJ found that Deptford "failed to provide H.B. with a meaningful education" and ordered it to create "a full day in-district program in a regular education class" tailored to H.B.'s needs and to compensate the family for their costs in educating H.B. in the interim.

The School District appealed the ALJ's decision to the United States District Court for the District of New Jersey on February 15, 2001. Over three months later, the School District requested a stay of enforcement of the ALJ's decision, which the Court denied on November 2, 2001. Thereafter, the School District moved for summary judgment, arguing that the ALJ erred in finding that it failed to provide H.B. with a "free appropriate public education" (FAPE), 20 U.S.C. § 1412(a)(1), in the "least restrictive environment" (LRE), *id*. at § 1412(a)(5).

3

By order dated February 15, 2002, the District Court reversed the ALJ's determination that Deptford failed to provide a FAPE to H.B., but agreed that it failed to do so in the least restrictive environment. Because no harm resulted from the lack of the LRE, however, the District Court granted no relief. The District Court required Appellees "to return the portion of the previous interim payment which had not been actually spent in reliance on the ALJ's erroneous decision," but permitted them "to retain funds spent in good faith reliance upon the ALJ's determination" prior to its reversal.

Based solely on the fact that Appellees "were allowed to obtain and retain" compensation for interim services "to which Deptford had challenged their entitlement," the District Court entered an order on March 31, 2006, deeming Appellees the "prevailing party" for purposes of 20 U.S.C. § 1415(i)(3)(B)(i)(I) and subsequently awarded them $98,550 in attorneys' fees.

## II.

We begin by noting that the School District's principal argument is that Appellees were not entitled to attorneys' fees because they did not prevail. For reasons unknown to the Court, Appellees fail to address this argument in their brief. Instead, Appellees rely exclusively on their argument that the School District cannot challenge the order of March 31, 2006, in which the District Court determined that Appellees were the "prevailing party," because Deptford's Notice of Appeal cites only the District Court's

4

December 22, 2006 order quantifying attorneys' fees at $98,550. This argument betrays a fundamental misunderstanding of our precedents.

An award of attorneys' fees is not a final, appealable order until the award is quantified. *Frangos v. Doering Equip. Corp.*, 860 F.2d 70, 72 (3d Cir. 1988); *Pennsylvania v. Flaherty*, 983 F.2d 1267, 1276 (3d Cir. 1993). Under the merger doctrine, an appeal of a final award of attorneys' fees includes appeal of all interlocutory orders relevant thereto. *See In re Diet Drug Prods. Liab. Litig.*, 418 F.3d 372, 377 (3d Cir. 2005).

In the present appeal, the Court's interlocutory order, which designated the Appellees as the "prevailing party," was directly relevant to the Court's final order, which awarded fees in the amount of $98,500. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I). Consequently, the March 31 order merges into the December 22 order, and both are before us.

Generally, we review the grant of attorneys' fees for an abuse of discretion. *See P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006). Accordingly, we will reverse the award if it "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Id.* (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993)).

III.

Turning to the merits, we first note that there can be no doubt that Appellees achieved victory in the administrative proceedings. The ALJ ruled that the School District "failed to provide H.B. with a meaningful education" and ordered Deptford to create "a full day in-district program in a regular education class" tailored to H.B.'s needs. In addition, the ALJ ordered Deptford to compensate H.B.'s parents for their costs in educating H.B. in the interim.

After Appellees' favorable decision at the administrative proceeding, the School District appealed, as was its right, to federal court. The District Court reversed the ALJ's decision, stating:

> [T]he only relief obtained by [Appellees] was to enforce compliance with the ALJ's decision prior to the time it was partially reversed by this Court, and [Appellees] achieved no relief upon the aspect of the ALJ's ruling that was affirmed (namely, failure to provide the LRE) because [Appellees] could demonstrate no harm. The [Appellees] achieved this Court's interim award of $88,090.61, consistent with the ALJ's determination and before its reversal, because Deptford had not timely sought a stay of same, *but not because [Appellees] proved entitlement upon this record.* When it turned out that the ALJ's award was reversed in relevant part, and that no remedy was due for failure to provide the education in the least restrictive environment, the Court basically ordered [Appellees] to return the portion of the previous interim payment which had not been actually spent in reliance on the ALJ's erroneous decision. [Appellees] were, however, allowed to retain funds spent in good faith reliance upon the ALJ's determination prior to this Court's various rulings, and to this extent, [Appellees] "prevailed," that is, they were allowed to obtain and retain at least a part of the funds and benefits to which Deptford had challenged their entitlement. (Emphasis added.)

We find no abuse of discretion in the District Court's factual findings, and we accept them *in toto*. *See* FED. R. CIV. P. 52(a)(6). Therefore, we next consider whether the District Court committed legal error in holding that Appellees were the "prevailing party" under § 1415(i)(3)(B)(i)(I) of the IDEA, which provides:

> Award of attorneys' fees . . . In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability.

In a seminal decision regarding attorneys' fees, the Supreme Court held that a party is not a "prevailing party" unless it "prevailed on the merits of at least some . . . claims," or received "at least some relief on the merits." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 603 (2001) (internal quotation and citation omitted).[1] Purely technical or *de minimis* success is insufficient. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). Likewise, preliminary or interim success unaccompanied by ultimate success of some kind is generally insufficient. *See People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 234 (3d Cir. 2008) (indicating that where initial relief proves fleeting, attorneys' fees are inappropriate).

---

[1] We have held that the teachings of *Buckhannon* are directly applicable to the IDEA attorneys' fees provision. *John T. ex rel. Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 556 (3d Cir. 2003).

Indeed, last Term the Supreme Court held that "[p]revailing party status . . . does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." *Sole v. Wyner*, 127 S.Ct. 2188, 2195 (2007). In a similar vein, we have observed that "when a *judgment* in favor of a [party] is reversed on the merits, that party is no longer a 'prevailing party' . . . and no longer entitled to attorney's fees." *Clark v. Twp. of Falls*, 890 F.2d 625, 626 (3d Cir. 1989) (emphasis added).

Applying these principles to the instant appeal, we disagree with the District Court's conclusion that Appellees achieved prevailing party status under § 1415(i)(3)(B)(i)(I) of the IDEA because they were not required to return that portion of the ALJ's interim award which they had already spent. The fact that Appellees achieved only temporary relief requires judgment in favor of the School District because such relief is not equivalent to final relief on the merits. *See John T.*, 318 F.3d at 556, 559; *J.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 274 (3d Cir. 2002). As noted, the District Court expressly concluded that Appellees failed to prove their entitlement to relief on the merits. Without such a victory, Appellees cannot be considered the "prevailing party." *See Buckhannon*, 532 U.S. at 603; *Sole*, 127 S.Ct. at 2196.[2]

_____

[2] Finally, we note that even if the District Court's finding with respect to the least restrictive environment issue rendered Appellees the "prevailing party," an award of attorneys' fees would not be proper on the particular facts of this case. *See Farrar v. Hobby*, 506 U.S. 103, 105, 115 (1992). As the District Court noted, the relief achieved here was "scant and unimpressive," and Appellees achieved no relief on the LRE issue.

8

For the foregoing reasons, we will reverse the order of the District Court awarding fees and remand for judgment to be entered in favor of Deptford Township School District.

---

Moreover, Appellees' attorney – either through gross carelessness or worse – initially sought fees that included 60 hours billed in a single day. *See Fair Housing Council of Greater Wash. v. Landow*, 999 F.2d 92, 96 (4th Cir. 1993). On this record, we find that fees should not have been awarded.