[DO NOT  PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14137

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02456-CV-JTC-1

ROBERT K. and KAREN K., on behalf of T.K., a minor,

Plaintiffs-Appellants,

versus

COBB COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 28, 2008)**

Before EDMONDSON, Chief Judge, BLACK and FARRIS,* Circuit Judges.

PER CURIAM:

_____

* Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit Court
of Appeals, sitting by designation.

T.K., a minor, and his parents, Robert K. and Karen K., appeal the district court's order granting summary judgment in favor of Cobb County School District, in their action for attorneys' fees under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3)(B). We affirm.

## I. BACKGROUND

T.K. is an autistic student who obtains special education services from Cobb County School District pursuant to the IDEA. On March 17, 2004, the parties agreed to an amended settlement agreement specifying that Cobb County would provide for a functional behavior analysis of T.K. at the Marcus Center Behavioral Clinic. In September 2004, Cobb County determined that T.K. should return to a placement at a local high school on December 1, 2004. Plaintiffs disagreed and requested an IDEA due process hearing. They alleged that: (1) T.K.'s functional behavior analysis was incomplete and his premature removal would violate the settlement agreement and the IDEA; (2) Cobb County's proposed placement and individualized education plan were inappropriate; and (3) T.K. should remain at the Marcus Center during the dispute under the IDEA's "stay-put" provision, 20 U.S.C. § 1415(j). Before the hearing, plaintiffs amended their hearing request to drop all but their breach of settlement claim and their request for stay-put relief.

After a hearing, an administrative law judge with the Georgia Office of

2

State Administrative Hearings granted relief for plaintiffs on the settlement claim. In a March 29, 2005 decision, the ALJ held that Cobb County had violated the agreement by attempting to remove T.K. from the Marcus Center before the analysis was finished. On September 19, 2005, plaintiffs initiated their action for attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B). The district court granted Cobb County's motion for summary judgment. Plaintiffs timely appealed.

## II. JURISDICTION

We address Cobb County's jurisdictional arguments first. Cobb County asserts that the district court lacked jurisdiction to hear plaintiffs' attorneys' fees claim on the ground that the ALJ's March 29, 2005 decision was void *ab initio*. We reject this argument. 20 U.S.C. § 1415(i)(3)(A) confers jurisdiction over IDEA actions to district courts, and § 1415(i)(3)(B)(i)(I) creates a cause of action for parents to recover attorneys' fees. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I) ("In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."). A question concerning the validity of the ALJ proceeding goes to the merits of plaintiffs' attorneys' fees claim but does not defeat the district court's power to adjudicate the claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("[T]he absence of a valid (as

opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case.") (emphasis in original).

Cobb County's contention that there was no federal question jurisdiction over plaintiffs' claim also fails. Plaintiffs' complaint stated a claim under 20 U.S.C. § 1415(i)(3)(B). That is sufficient to vest the district court with jurisdiction under 28 U.S.C. § 1331. *See Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1308 (11th Cir. 2001) ("Under [28 U.S.C. § 1331], federal courts have federal-question jurisdiction over suits in which a well-pleaded complaint establishes . . . that federal law creates the cause of action . . . .") (internal citation omitted). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

### III.  STANDARD OF REVIEW

"We review a grant of summary judgment de novo, viewing evidence in the light most favorable to the nonmoving party." *Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1349 (11th Cir. 2007). A prevailing party in an IDEA administrative action may recover attorneys' fees. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I); *Mitten v. Muscogee County School Dist.*, 877 F.2d 932, 935 (11th Cir. 1989). We review the district court's denial of attorneys' fees for an abuse of discretion. *In re Application to Adjudge Trinity Indus., Inc.*, 876 F.2d

4

1485, 1496 (11th Cir. 1989).  "Whether the facts as found suffice to render the plaintiff a 'prevailing party' is a legal question reviewed *de novo*."  *Church of Scientology Flag Serv., Org., Inc. v. City of Clearwater*, 2 F.3d 1509, 1513 (11th Cir. 1993) (quotation marks in original).

## IV.  PREVAILING PARTY STATUS

Plaintiffs contend that the district court erred in finding that they were not the prevailing party in the ALJ decision of March 29, 2005.  "[O]nly a party who obtains a judgment on the merits or a similar court-ordered change in the parties' legal relationship, such as a consent decree, may be considered a 'prevailing party' for purposes of a fee award."  *Loggerhead Turtle v. County Council*, 307 F.3d 1318, 1323-24 (11th Cir. 2002) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001)).

Assuming, *arguendo*, that the ALJ's March 29, 2005 decision was a court-ordered change in the parties' legal relationship, plaintiffs' attorneys' fees claim still fails.  Plaintiffs' amended complaint to the ALJ requested enforcement of the settlement agreement and a stay-put order under 20 U.S.C. § 1415(j).  However, plaintiffs did not obtain relief on a claim brought under the IDEA; 20 U.S.C. § 1415(i)(3)(B) cannot provide a basis for awarding attorneys' fees.

Section 1415(i)(3)(B) permits the recovery of attorneys' fees by the

5

prevailing party "in any action or proceeding brought under this section" of the IDEA. Generally, an action may be brought under the IDEA "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). In *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1158-59 (11th Cir. 2006), we interpreted § 1415(b)(6)(A) broadly to include a retaliation claim brought by parents who asserted their child's rights under the IDEA. Despite the breadth of § 1415(b)(6)(A), plaintiffs did not prevail on a claim "brought under" § 1415 of the IDEA. *See* 20 U.S.C. § 1415(i)(3)(B).

Plaintiffs prevailed only on a state-law breach of contract claim that by their own admission did not involve the IDEA. Unlike the IDEA retaliation claim in *M.T.V.*, plaintiffs' breach of settlement agreement claim did not require any adjudication of plaintiffs' rights under the IDEA or any consideration of the text of the IDEA. *See M.T.V.*, 446 F.3d at 1158. To be brought under § 1415(b)(6)(A), a complaint must state a violation of an IDEA right regarding "the identification, evaluation, or educational placement of the child, or the provision of a [FAPE]." 20 U.S.C. § 1415(b)(6)(A). Plaintiffs' complaint does not state such a violation. Further, plaintiffs requested only stay-put relief, which generally will not support an attorneys' fees award because it is not merits-based. *See J.O. v. Orange Twp.*

6

*Bd. of Educ.*, 287 F.3d 267, 273-74 (3d Cir. 2002); *Bd. of Educ. of Oak Park v. Nathan R.*, 199 F.3d 377, 382 (7th Cir. 2000). In contrast, the plaintiffs in *M.T.V.* pursued a merits-based IDEA retaliation claim. *See M.T.V.*, 446 F.3d at 1158.

Our determination finds support in 42 U.S.C. § 1988 cases that hold that a plaintiff who loses on the merits of his federal civil rights claim is not a "prevailing party" for purposes of an award of attorneys' fees, even if he prevailed on a related pendent state law claim. *See, e.g., Finch v. City of Vernon*, 877 F.2d 1497, 1507-08 (11th Cir. 1989).

There was no error in the grant of summary judgment for Cobb County on plaintiffs' attorneys' fees claim.[1]

**AFFIRMED**.

---

[1] We may affirm on any ground supported by the record. *See Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).