**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2461
_____

S.P.; Joseph P.,

Appellants

v.

PENNSYLVANIA DEPARTMENT OF EDUCATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 16-cv-05230)
District Judge: Honorable Gerald J. Pappert

Submitted: April 9, 2018

Before: CHAGARES, VANASKIE, and FISHER, <u>Circuit Judges</u>.

(Filed May 1, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

This matter pertains to the denial of attorneys' fees in a case brought under the Individuals with Disabilities Education Act ("IDEA"). Plaintiffs Joseph P. and Santino P. claim entitlement to an award of fees from the Pennsylvania Department of Education ("PDE"). The United States District Court for the Eastern District of Pennsylvania declined to award fees. For the reasons stated below, we will affirm.

I.

As this Opinion is non-precedential and we write only for the parties, our factual recitation is abbreviated. Joseph P. is the father of Santino P. (collectively, "the family"), who was at all relevant times a student in a Philadelphia charter school ("the school").[1] Santino, who has various psychological diagnoses, received special education services at the school. In March 2014, the school approved the family's request for an Independent Educational Evaluation ("IEE") at public expense. A certified neuropsychologist conducted the IEE in April 2014 and then submitted a $4,000 invoice to the school in August of that year.

By December, the neuropsychologist had not received payment for the IEE. On December 4, 2014, one of Santino's parents filed a due process complaint against the school in the Pennsylvania Office for Dispute Resolution ("ODR"), seeking payment for the IEE and reasonable attorneys' fees and costs. The complaint did not join the PDE. Later that month, the school ceased operations; however, the due process claim

_____

[1] The school was a Local Education Agency ("LEA") within the meaning of the IDEA, and it received federal funding.

2

proceeded. The parties — both represented by counsel — submitted stipulations of fact to the ODR hearing officer on January 12, 2015. Later that day, the officer issued her decision. She ordered the school to pay the neuropsychologist $4,000 and noted that Joseph P. "is the prevailing party in this action," but that "hearing officers do not have the authority to award/order attorney fees and costs." Appendix ("App.") 59a. Neither party challenged the decision by appeal to a federal district court within 90 days (by April 22, 2015), as permitted by 20 U.S.C. § 1415(i)(2)(B).

On or about June 26, 2015, counsel for Joseph P. and Santino P. forwarded copies of the IEE invoice and the hearing officer's decision to the PDE, stating, "We are also requesting fees as the prevailing party in this matter." App. 61a. Days later, in a subsequent email, counsel reduced the amount of fees and costs sought; however, the amount remained significantly higher than that in the neuropsychologist's invoice. The PDE responded that payment of $4,000 to the doctor would occur within thirty days and declined to pay fees and costs on grounds that it "has no obligation to pay . . . related to the charter school's failures." App. 66a. The PDE paid the invoice.

On October 3, 2015, about a year after the PDE rendered payment to the neuropsychologist, Joseph P. and Santino P. filed this action in the District Court, seeking attorneys' fees. The parties eventually filed cross-motions for summary judgment, based on stipulated facts and exhibits. Following oral argument, the District Court granted the PDE's motion and denied the family's motion. The court noted that the family had only prevailed against the school and not against the PDE, which was not a party to the administrative action. App. 6a. The court further observed that fee-shifting is not so

3

integral to the IDEA as to be virtually mandatory. App. 15a. Thereafter, the family timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, because this appeal is from a final order of the District Court. Our review of this summary judgment order, which involves only pure questions of law, is plenary. Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010).

## III.

Joseph P. and Santino P. argue that the District Court erred because they were prevailing parties and because fee-shifting is an integral part of the IDEA framework. They also contend that much of the PDE's responsive argument is waived. We will address these arguments in turn.

## A.

We first address the contention that the family was the prevailing party in their administrative proceedings. In order to qualify as a prevailing party, a litigant "must obtain a 'material alteration of the legal relationship of the parties' that is 'judicially sanctioned.'" M.R. v. Ridley Sch. Dist., 868 F.3d 218, 224 (3d Cir. 2017) (quoting Rabb v. City of Ocean City, 833 F.3d 286, 292 (3d Cir. 2016)). We have established that, "[g]enerally, parties are considered prevailing parties 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" J.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 271 (3d Cir. 2002) (quoting Hensley v.

4

Eckerhart, 461 U.S. 424, 433 (1983)).  In IDEA cases, this Court has applied a two-prong test to determine whether a party has prevailed:  (1) "whether plaintiffs achieved relief" and (2) "'whether there is a causal connection between the litigation and the relief from the defendant.'"  Id. (quoting Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131 (3d Cir. 1991) (emphasis added)).

It is not immediately clear that, as the District Court concluded, the hearing officer's decision rendered a material change in the relationship between the family and the school.  Neither the school, the neuropsychologist, nor the PDE ever alleged that Joseph P. or Santino P. were liable for the debt.  The family was under no obligation to pay, and there were no means for the neuropsychologist to recover from them; thus, the relief at issue benefitted the neuropsychologist rather than the family.  However, we are not called upon to determine whether Joseph P. and Santino P. won a change in their legal relationship with the school, and we will not reach that question.

Instead, we are tasked with deciding whether there was a material alteration in the legal relationship between the family and the PDE.  We conclude that there was not.  Santino P. continued to receive a free and public education, and the PDE incurred no additional obligations to the family.  Assuming that the PDE's obligation to provide a free and public education included the obligation to cover the school's IEE debt, this duty preexisted the administrative ruling against the school.  Thus, we agree with the District Court that it would be the "IDEA, not the due process hearing, [that would] compel this result."  App. 13a.  We therefore conclude that Joseph P. and Santino P. were not

5

prevailing parties as against the PDE and cannot recover attorneys' fees and costs from that entity.

## B.

Prevailing party status is a prerequisite to recovery; therefore, if any analytical error exists in the District Court's reasoning about the integral nature of fees in the IDEA framework, it would not impact the outcome of the court's order or this appeal. Having determined that Joseph P. and Santino P. were not prevailing parties as against the PDE, we will briefly address their argument that the District Court should have awarded fees and costs because fee-shifting is an integral component of the IDEA. The IDEA provides that "[i]n any action or proceeding brought under this section, the court, <u>in its discretion, may</u> award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i) (emphasis added). Though Congress may have intended the IDEA to readily provide for attorneys' fees, the fee-shifting language makes clear that an award of attorneys' fees is permissive rather than mandatory. <u>See</u> <u>Holmes ex rel. Holmes v. Millcreek Twp. Sch. Dist.</u>, 205 F. 3d 583, 593 (3d Cir. 2000) (concluding the same). Thus, even if Joseph P. and Santino P. had prevailed against the PDE, the District Court would still have at least some level of discretion to deny attorneys' fees.

## C.

Finally, Joseph P. and Santino P. argue that "[m]uch of PDE's Brief addresses an argument that it has <u>never before raised</u> — that Plaintiffs are not the prevailing parties because the relief they sought and obtained in the Due Process proceedings — . . . did not

6

afford a benefit to Plaintiffs 'themselves.'" Reply Br. 3. They argue that "the only argument raised by PDE in the District Court" is that "PDE was not a named party to the Due Process proceedings, and is not legally responsible for the Charter School's obligations." Id. at 4. We disagree. In its memorandum of law at the summary judgment phase, the PDE strongly emphasized the argument that it was not a named party in the administrative proceedings. However, the PDE also argued, inter alia, that "the administrative hearing officer's order is not the mechanism controlling the legal relationship between Plaintiffs and the [PDE], nor did the hearing officer's order alter the [PDE's] behavior to the benefit of the Plaintiffs." Mem. of Law in Supp. of Def's Mot. for Summ. J. 16. This statement articulates the essence of the argument that the relief obtained in the due process proceedings did not afford a benefit to Joseph P. and Santino P. As a result, the PDE's argument was not waived.

## IV.

For the reasons stated above, we will affirm the District Court's denial of attorneys' fees.