**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1344
_____

F.V. and M.V., individually and o/b/o B.V.,
Appellants

v.

CHERRY HILL TOWNSHIP BOARD OF EDUCATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1:21-cv-18096)
District Judge:  Honorable Karen M. Williams
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2025
_____

Before:  CHAGARES, Chief Judge, BIBAS, and FISHER, Circuit Judges.

(Filed: February 21, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

F.V. and M.V., on behalf of their child B.V., brought an administrative proceeding against the Cherry Hill Township Board of Education ("Board"). They alleged that the Board violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. But after the Board offered the parents their requested relief, an administrative law judge ("ALJ") dismissed their claims as moot. The parents sought judicial review of the ALJ's ruling in New Jersey state court, and the Board removed to federal court. After the District Court upheld the ALJ's decision, denied an award of attorneys' fees to the parents, and granted an award of attorneys' fees to the Board, the parents appealed. For the reasons set forth below, we will affirm.

I.

We write primarily for the parties and so recite only those facts pertinent to our decision. B.V. is a minor child who has Down syndrome. She first attended a "self-contained" preschool program in the school district, which educated only children with special needs. But her parents wanted her to be educated alongside other, non-disabled children in kindergarten. When the Board's individualized education program ("IEP") recommended that B.V. remain in a self-contained kindergarten classroom, her parents rejected the IEP and filed a request for mediation with the New Jersey Department of Education. Because the parties were unable to resolve their dispute through mediation,

2

the parents converted their request for mediation into a request for due process, which was transmitted to the New Jersey Office of Administrative Law for adjudication.

These due process proceedings activated the IDEA's "stay-put" provision. That provision requires the child at issue to "remain in [her] then-current educational placement" during the pendency of proceedings conducted under the IDEA. 20 U.S.C. § 1415(j). But a miscommunication between the parties led to an omission from the Board's confirmation that B.V. would receive the same educational services as before. Namely, a case manager neglected to include B.V.'s biweekly speech therapy sessions in the confirmation notice. The parents filed a second request for due process (for violating the IDEA's stay-put provision), as well as a request for emergent relief (to require the Board to comply with the stay-put provision and provide any makeup speech therapy sessions). Even though the Board's supervisor assured the parents that the omission was unintentional and that B.V. would receive all the services demanded in their request for emergent relief, the parents withdrew neither request.

An ALJ later granted the request for emergent relief, but only on the grounds that neither party could confirm that makeup speech therapy sessions had been scheduled. The ALJ consolidated the remaining requests for due process and denied them as moot, as the Board had agreed to provide B.V. with all desired educational services. The parents, however, apparently refused to accept the offer.

The parents brought suit in New Jersey state court, appealing the ALJ's decision (Count I) as well as alleging that the Board violated the New Jersey Law Against

3

Discrimination (Count II).  After an amendment to the complaint, the Board removed the suit to the United States District Court for the District of New Jersey.

The District Court granted the Board's motion to dismiss Count II, which the parents did not oppose.  It later granted summary judgment for the Board on Count I (again, unopposed by the parents), upholding the ALJ's decision that the case was moot, and denied the parents' request for attorneys' fees.  The District Court noted that "[e]ven if Plaintiffs could be entitled to attorney's fees under the IDEA, the Court would likely be constrained to reduce, or even outright deny, any such award due to the conduct of their counsel."  Appendix ("App.") 30 n.17 (citing 20 U.S.C. § 1415(i)(3)(F)(i)).  Such conduct included, among other things, "unnecessarily protracting litigation in an effort to inflate his legal fees."  Id.

The Board then moved for its own attorneys' fees under the IDEA.  Yet again, the parents did not oppose this motion, and the District Court granted it.  The parents appealed to this Court on February 22, 2024.

## II.[1]

We review awards of attorneys' fees for abuse of discretion, with underlying questions of statutory interpretation reviewed de novo.  See M.R. v. Ridley Sch. Dist., 868 F.3d 218, 223 (3d Cir. 2017).  But we do not ordinarily consider forfeited issues.  See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017).  Only in exceptional circumstances will we overlook forfeiture, such as "when the public

---

[1] The District Court had jurisdiction under 20 U.S.C. § 1415(i)(2)(A) and 28 U.S.C. § 1441(a).  We have jurisdiction under 28 U.S.C. § 1291.

interest requires that the issue[s] be heard or when a manifest injustice would result from the failure to consider the new issue[s]." Id. (alterations in original) (quoting United States v. Anthony Dell'Aquilla, Enters. & Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998)).

## III.

The parents appeal four rulings: the grant of summary judgment to the Board upholding the ALJ's decision, the dismissal of their state antidiscrimination law claim, the denial of their request for attorneys' fees, and the grant of the Board's request for attorneys' fees. But the parents' appeal is untimely as to the first two rulings, and they have forfeited their arguments as to the latter two.

## A.

The parents appeal the grant of summary judgment as to Count I and the dismissal of Count II. Yet these appeals are time-barred. The District Court's dismissal of Count II took place on June 15, 2022, and the grant of summary judgment as to Count I took place on March 28, 2023. The parents filed their notice of appeal on February 22, 2024. That appeal is timely as to the grant of attorneys' fees to the Board, but far later than the deadline of 30 days after entry of the final summary judgment. See Fed. R. App. P. 4(a)(1)(A).

The underlying judgment cannot "merge into the designated judgment or appealable order" in the parents' notice of appeal, which mentions only attorneys' fees. Id. 3(c)(4); see App. 1. Unlike related interlocutory appeals that would be merged into a final order, the grant of summary judgment and the dismissal on the pleadings are final,

separate, and unrelated to the grant of attorneys' fees. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 198 (1988) ("[I]f the District Court's decision on the merits was appealable before its determination of attorney's fees, then the merits appeal was untimely."); H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch., 873 F.3d 406, 412 n.4 (3d Cir. 2017) ("[A]n unresolved issue of attorney's fees does not prevent a judgment on the merits of the non-fee issues from being final and appealable."). The District Court's award of attorneys' fees to the Board on January 23, 2024 did not reset the clock for the plaintiffs to appeal prior, final decisions on the merits.

B.

The parents' only timely appeal relates to the District Court's decision on attorneys' fees.[2] They seek review of both the denial of their attorneys' fees and the grant of attorneys' fees to the Board, but both arguments have been forfeited.

The parents first argue that the District Court erred in dismissing their claim for attorneys' fees. But the Board's motion for summary judgment both defended the ALJ's substantive ruling and argued that the parents were not entitled to attorneys' fees. The District Court's ruling on summary judgment accordingly upheld the ALJ's ruling and

---

[2] The parents' appeal of the denial of their attorneys' fees may also be untimely. See H.E., 873 F.3d at 411 (describing the denial of attorneys' fees in an IDEA suit as a final appealable order). Because we conclude that the parents' argument on the denial of attorneys' fees was forfeited, we need not determine whether the appeal of that ruling was timely.

6

rejected the parent's attorneys' fees claim. By failing to oppose the motion for summary judgment, the parents forfeited their argument for attorneys' fees.

The same holds true for the parents' argument against the award of attorneys' fees to the Board. The parents argue that the Board does not qualify as a prevailing party, as required by the IDEA attorneys' fee provision. See 20 U.S.C. § 1415(i)(3)(B)(i). But the parents never voiced any opposition before the District Court when the Board moved for attorneys' fees or when it quantified those fees.

And this dispute does not require us to overlook the parents' forfeiture. The District Court noted that appellants' counsel proceeded to "engage[] in a pattern of conduct that was obstructive, unreasonable, illogical, and above all, unnecessary" in order to "unnecessarily protract[] litigation." App. 30 n.17. Given these circumstances, we cannot conclude that the District Court's rulings on attorneys' fees would result in manifest injustice or that the public interest requires our consideration of this forfeited issue.[3]

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] We do not address whether, under de novo review, a party similarly positioned as the Board in this case would qualify as a prevailing party under the IDEA.

7