**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1271

_____

H.E., Individually and on behalf of H.F.;
C.E., Individually and on behalf of D.E.;
M.T., Individually and on behalf of T.T.,

Appellants

v.

WALTER D. PALMER LEADERSHIP
LEARNING PARTNERS CHARTER SCHOOL;
COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF EDUCATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:15-cv-03864)
Honorable Wendy Beetlestone, U.S. District Judge

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on September 19, 2017

Before: AMBRO, KRAUSE, and SCIRICA, _Circuit Judges_

(Opinion Filed:  October 11, 2017)

David J. Berney
Morgen N. Black-Smith
Law Offices of David J. Berney
1628 John F. Kennedy Boulevard
8 Penn Center, Suite 1000
Philadelphia, PA 19103

*Counsel for Appellants*

John G. Knorr, III
Josh Shapiro
Claudia M. Tesoro
Office of Attorney General of Pennsylvania
21 South 12th Street
Third Floor
Philadelphia, PA 19107

*Counsel for Appellee Commonwealth of Pennsylvania Department of Education*

_____

OPINION OF THE COURT
_____

KRAUSE, *Circuit Judge*.

The Individuals with Disabilities Education Act contains a fee-shifting provision, which, provided that a parent of a child with a disability has emerged as "a prevailing party" in administrative or judicial proceedings challenging violations of the Act, renders the parent eligible for an award of attorneys'

fees. 20 U.S.C. § 1415(i)(3)(B). The parents in this case obtained a court order vindicating their right to an administrative due process hearing under the Act, *see id.* § 1415(f), but the District Court denied their request for attorneys' fees, reasoning that they had received only interlocutory procedural relief and, for that reason, were not prevailing parties. Because that conclusion is contrary to this Court's decisions in *M.R. v. Ridley School District*, 868 F.3d 218 (3d Cir. 2017), and *Bagby v. Beal*, 606 F.2d 411 (3d Cir. 1979), where we explained that success on a claim for procedural relief can constitute "a victory 'on the merits' that confer[s] 'prevailing party' status," *M.R.*, 868 F.3d at 226 (quoting *Bagby*, 606 F.2d at 415), we will reverse the District Court's denial of attorneys' fees and remand for proceedings consistent with this opinion.

## I.  Background

Plaintiffs in this case are the parents of three children with disabilities, each of whom attended Walter D. Palmer Leadership Learning Partners Charter School before it permanently closed in December 2014. This case relates to Plaintiffs' efforts to obtain compensatory education for their children under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482. Before recounting the history of those efforts, we briefly review the statutory framework from which Plaintiffs' claims arose.

### A.  Statutory Context

The IDEA provides to children with disabilities "an enforceable substantive right to [a free appropriate] public education in participating States," while conditioning federal

financial assistance to those states on their "compliance with the substantive and procedural goals of the Act." *Honig v. Doe*, 484 U.S. 305, 310 (1988); *see* 20 U.S.C. § 1412(a)(1). Because Congress was aware that schools had "all too often" denied a free appropriate public education to children with disabilities "without in any way consulting" the children's parents, the Act also "establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decisions they think inappropriate." *Honig*, 484 U.S. at 311. Those procedural safeguards allow parents to file an administrative complaint challenging "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," 20 U.S.C. § 1415(b)(6)(A); they provide for "an impartial due process hearing" in response to such a complaint, *id.* § 1415(f)-(h); and they allow federal district courts to "award reasonable attorneys' fees as part of the costs" to parents who are "prevailing part[ies]" in the due process proceedings, *id.* § 1415(i)(3)(B). Should school districts and parents wish to sidestep this due process procedure for any reason, they may submit to the Act's statutory mediation procedures, *see id.* §1415(e), which, if successful, culminate in legally binding settlement agreements, *see id.* § 1415(e)(2)(F).

The IDEA's "elaborate and highly specific procedural safeguards" provide parents with a means of enforcing the Act's "general and somewhat imprecise substantive admonitions." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 205 (1982). For that reason, Congress "placed every bit as much emphasis" on school districts' compliance with those procedural safeguards as it did on their compliance with the

4

Act's substantive standards. *Id.* at 205-06. As the Supreme Court has observed, "the importance Congress attached to [the IDEA's] procedural safeguards cannot be gainsaid," for "the congressional emphasis" on those safeguards "demonstrates the legislative conviction that adequate compliance with the procedures prescribed would in most cases assure much if not all of what Congress wished in the way of substantive content." *Id.* at 206.

The importance of an order enforcing those procedural safeguards is the subject of this appeal, the facts of which we recount below.

## B. Factual and Procedural Background

Plaintiffs H.E., C.E., and M.T. are parents of children with disabilities, and their children were each enrolled at Walter D. Palmer Leadership Learning Partners Charter School for some time. While Plaintiffs' children were enrolled there, however, the Charter School did not always satisfy its IDEA obligations and at times failed to provide the children with a "free appropriate public education." 20 U.S.C. § 1412(a)(1)(A). Thus, in 2014, after negotiations with Plaintiffs and their attorneys, the Charter School entered with Plaintiffs into settlement agreements that fully resolved Plaintiffs' IDEA claims. Under these agreements, the Charter School was to fund a number of hours of compensatory education for each child and to contribute towards Plaintiffs' attorneys' fees.[1]

---

[1] With respect to M.T.'s child, the Charter School also agreed to identify an approved private school placement for the child, to finalize an individualized education program for that

5

But the Charter School permanently closed in December 2014 and never delivered on its obligations under the settlement agreements. In response, Plaintiffs filed administrative due process complaints with the Pennsylvania Department of Education, naming both the Charter School and the Department of Education as defendants. Plaintiffs alleged that their agreements with the Charter School were now voidable and contended that, in view of the Charter School's previous failure to provide their children with a free appropriate public education, the Department "as the state educational agency" should remedy that failure by providing compensatory education to their children. Due Process Complaints at 1-2, *H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch.*, No. 15-3864 (E.D. Pa. July 21, 2016), ECF Nos. 48-2, 48-9, 48-16. Unfortunately for them, the administrative hearing officer promptly dismissed the complaints, opining that, rather than seek compensatory education from the Department as an entity "ultimately responsible" for their children's education, *id.*, Plaintiffs were required to enforce their settlement agreements with the Charter School through the Charter School's settlement-of-claims process.

Plaintiffs then filed suit against the Charter School and the Department in federal court, seeking "reversal of [the] administrative decisions dismissing their claims under the IDEA," remand to the administrative hearing officer, and an

---

placement, to institute progress monitoring, and to reimburse associated travel expenses.

6

award of attorneys' fees and costs. App. 72, 97.[2] Ultimately, aside from the requested award of attorneys' fees and costs, Plaintiffs obtained all of the relief they had sought. The District Court vacated the hearing officer's decisions and remanded Plaintiffs' compensatory education claims to the hearing officer for a due process hearing, explaining that the hearing officer had "erred as a matter of law" in several respects: by assuming that Plaintiffs had sought enforcement of their settlement agreements; by, "in effect, enforcing the Settlement Agreements against Plaintiffs"; and by "failing to render a substantive decision on Plaintiffs' . . . claims" regarding the free appropriate public education that was due to their children. *H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch.*, 220 F. Supp. 3d 574, 583-87 (E.D. Pa. 2016).

On remand, Plaintiffs and the Department agreed on the number of hours of compensatory education owed to Plaintiffs' children, but, because they disagreed about the hourly rate applicable to the Department's compensatory education payments, the hearing officer issued a decision setting the applicable rate. The Department challenged that decision in a separate case before the District Court, and the District Court declined to consolidate that case with this one, on the ground

---

[2] With the District Court's permission, Plaintiffs later filed an amended complaint that clarified their allegations regarding the Charter School's conduct toward Plaintiffs before the Charter School's closure but did not change the nature of their requests for relief. As the amended complaint is the operative complaint, our analysis below pertains to the claims as specified there.

7

that the two cases "d[id] not 'involve a common question of law or fact.'" Order at 2, *H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch.*, No. 15-3864 (E.D. Pa. June 21, 2017), ECF No. 71 (quoting Fed. R. Civ. P. 42(a)). The Department's challenge to the hearing officer's decision remains pending in the District Court.

Meanwhile, Plaintiffs filed a motion for attorneys' fees in this case, citing their successful bids for reversal and remand with respect to the hearing officer's initial decision dismissing their administrative complaints. The District Court denied the motion, explaining that its grant of summary judgment did not address whether Plaintiffs ultimately would succeed on their substantive claims against the Department, "but instead was confined to purely procedural matters." App. 3. The District Court reasoned that Plaintiffs therefore were "not prevailing parties," and, as a result, it lacked discretion to award Plaintiffs any fee award. App. 3; *see* 20 U.S.C. § 1415(i)(3)(B)(i).

This timely appeal followed. Plaintiffs contend that they in fact were prevailing parties for purposes of the IDEA's attorneys' fees provision and that they therefore were eligible for a fee award. Our precedent compels us to agree, though we first confirm our jurisdiction to consider this appeal before addressing the merits of Plaintiffs' contentions.

## II. Jurisdiction[3]

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(A).

The Department has challenged our jurisdiction to hear Plaintiffs' appeal, asserting that the District Court's order denying Plaintiffs' motion for attorneys' fees "was neither an appealable final decision for purposes of 28 U.S.C. § 1291 nor subject to immediate review under the collateral order doctrine." Appellee's Br. 2. Before addressing the Department's challenge, however, we first resolve the jurisdictional defect presented by Plaintiffs' unresolved claims against the Charter School.

The Charter School, though it was named as a defendant and submitted a waiver of service in the District Court, never filed an appearance. Thus, the District Court never resolved Plaintiffs' claims against this defendant, and ordinarily we would lack appellate jurisdiction because the District Court's orders in this case "terminate[d] fewer than all claims, or claims against fewer than all parties." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 259 F.3d 135, 140 (3d Cir. 2001). But in a supplemental letter brief, Plaintiffs have "renounced . . . any intention to take further action" against the Charter School, hence curing the jurisdictional defect otherwise created by the Charter School's presence in this case. *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991). We accordingly proceed to consider the Department's argument that, even as to Plaintiffs' claims against the Department, the District Court's orders are not final and appealable.

The requirements for a final and appealable order under 28 U.S.C. § 1291 are oft-repeated: the decision must "fully resolve all claims presented to the district court," and, "after the decision has been issued," there must be "nothing further for the district court to do." *In re Grand Jury*, 705 F.3d 133, 142 (3d Cir. 2012); *accord Ray Haluch Gravel Co. v. Cent.*

9

*Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp'rs*, 134 S. Ct. 773, 779 (2014); *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 227 (3d Cir. 2016). In general, "[a] final decision is one by which a district court disassociates itself from a case." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902 (2015).

The District Court has done so here. With respect to Plaintiffs' claims against the Department, which requested (1) "reversal of [the] administrative decisions dismissing their claims under the IDEA," (2) remand to the administrative hearing officer, and (3) an award of attorneys' fees and costs, App. 72, the District Court has fully resolved all three of those requests. It granted Plaintiffs' first two requests when it (1) vacated the administrative hearing officer's decisions dismissing Plaintiffs' administrative complaints and (2) remanded Plaintiffs' cases to the hearing officer "with instructions to hold due process hearings." App. 15. And it resolved Plaintiffs' third request when it (3) denied their motion for attorneys' fees and costs. By remanding the case and "retaining nothing of the matter on the federal court's docket," the District Court has "dissociate[d] itself from the case entirely," and thus we have jurisdiction to review its orders. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996).

The Department's arguments to the contrary are unavailing. Although the Department characterizes the District Court's decision regarding attorneys' fees as an "*interlocutory* order denying *interim* attorney's fees" and contends that Plaintiffs' "district court case was not closed," Appellee's Br. 16-17, the Department's position contravenes the fact that "there [is] nothing further for the district court to

do" with respect to Plaintiffs' claims against the Department, *In re Grand Jury*, 705 F.3d at 142. Even if Plaintiffs' "substantive claims" against the Department "stayed alive," Appellee's Br. 17, those claims were not raised in their complaint, are the subject of a separate District Court case, and therefore do not affect the finality of the orders in this one.

Indeed, when the Department moved to consolidate the two cases, the District Court denied the motion because the cases did not "involve a common question of law or fact," Order at 2, *H.E.*, No. 15-3864 (E.D. Pa. June 21, 2017), making it nearly impossible for challenges to orders in this case to be joined to any appeal from the second District Court case, *see Meinhardt v. Unisys Corp. (In re Unisys Sav. Plan Litig.)*, 74 F.3d 420, 432 n.9 (3d Cir. 1996) (noting that, where district court cases are not consolidated for trial, parties wishing to appeal a final order applicable to just one case must take an immediate appeal from that order, even if other related cases are pending); *see also* Fed. R. App. P. (b) (allowing for consolidated appeals only when joinder would be "practicable"). Because dismissal of this appeal would have "the practical effect of denying later appellate review of [the] [D]istrict [C]ourt's underlying order, the underlying order [is] final, within the meaning of 28 U.S.C. § 1291." *Carr v. Am. Red Cross*, 17 F.3d 671, 678 (3d Cir. 1994).

The Department's reliance on *Yakowicz v. Pennsylvania*, 683 F.2d 778, 781-86 (3d Cir. 1982), and *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 401 F.3d 143, 155-57 (3d Cir. 2005), does not change our conclusion. Both of these cases held that we lacked jurisdiction to review denials of fee motions where the denials were issued while at least some of the plaintiffs'

11

requests for relief remained pending in the district court. *See In re Diet Drugs*, 401 F.3d at 146-51; *Yakowicz*, 683 F.2d at 781–82. Here, in contrast, the District Court's decision resolved all of the claims pending in the case, because it denied Plaintiffs' fee motions only after it had already granted all of Plaintiffs' other requests for relief. Thus, the District Court's order on the fee motion "end[ed] litigation upon the merits and [left] nothing for the court to do but execute the judgment," *In re Diet Drugs*, 401 F.3d at 156 (brackets omitted), so we have jurisdiction to consider the merits of Plaintiffs' appeal. We turn to that task now.[4]

## III. Eligibility for Attorneys' Fees

---

[4] We exercise appellate jurisdiction over the District Court's final order without relying on the collateral order doctrine, and thus we express no opinion on whether, in another case involving a truly interlocutory request for attorneys' fees, our jurisdiction could also be conferred by that doctrine. *Cf. U.S. Steel Corp. v. United Mine Workers of Am.*, 456 F.2d 483, 486-87 (3d Cir. 1972).

Nor do we disturb the principle that an unresolved issue of attorney's fees does not prevent a judgment on the merits of the non-fee issues from being final and appealable. *Ray Haluch Gravel Co.*, 134 S. Ct. at 779. For example, if the Department had appealed the District Court's order remanding this case to the administrative hearing officer, which was issued months before the District Court's later denial of attorneys' fees, then the pending fee issue would not have divested our Court of jurisdiction.

Plaintiffs challenge the District Court's order denying them an award of attorneys' fees and costs. We ordinarily would review that order for abuse of discretion, but "our review is plenary where, as here, the district court based its denial on legal conclusions" and "determined, as a threshold matter, that [Plaintiffs] were not prevailing parties, so the District Court lacked discretion to award any fees." *M.R.*, 868 F.3d at 223 (brackets and internal quotation marks omitted). Applying that plenary standard of review, although we appreciate the District Court's diligence in attempting to apply the reasoning of our Court's earlier decision in *J.O. ex rel. C.O. v. Orange Township Board of Education*, 287 F.3d 267 (3d Cir. 2002), we ultimately disagree with the District Court's determination on the prevailing party issue. As explained below, our intervening decision in *M.R.*, together with our previous opinion in *Bagby*, which addressed a purely procedural victory under a separate statutory scheme, make Plaintiffs here eligible for an award of attorneys' fees under the IDEA. *See M.R.*, 868 F.3d at 225-30; *Bagby*, 606 F.2d at 413-15.

In *M.R.*, we addressed the IDEA's "stay put" provision, which at times obliges school districts to reimburse parents for a "then-current private educational placement" while due process proceedings are pending. *M.R.*, 868 F.3d at 222 (brackets omitted) (discussing 20 U.S.C. § 1415(j)). We explained that parents who "prevail[ed] with respect to their procedural right to reimbursement under the IDEA's 'stay put' provision," even if they "did not succeed with respect to their request for a permanent private school placement," nonetheless

13

obtained "a victory 'on the merits' that conferred 'prevailing party' status." *Id.* at 225-26.[5]

Similarly, years earlier in *Bagby*, we considered a plaintiff who had brought a procedural due process claim under 42 U.S.C. § 1983 and, having been afforded a due process hearing, had "accomplished the objectives of her litigation." *Bagby*, 606 F.2d at 413, 415 (brackets omitted). Accordingly, we held, even though the plaintiff did not obtain a favorable result at the hearing itself, the fact that there was a hearing meant, with respect to her procedural due process claim, that she had obtained the remedy she requested and, thus, she was a "prevailing party" under the applicable statutory fee-shifting provision, 42 U.S.C. § 1988. *Bagby*, 606 F.2d at 415.

Today we hold that *Bagby* applies equally to parents seeking attorneys' fees under the IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(i)—a conclusion to which we alluded but did not make explicit in *M.R.*, 868 F.3d at 225-30. That is, if a parent vindicates a procedural right

---

[5] In its 28(j) letter concerning *M.R.*, Appellee argues that case has no bearing because it "does not say that any ruling relating to one aspect of a larger IDEA case . . . is inherently merits based." Appellee's 28(j) Letter 1 (Sept. 28, 2017). Appellee is correct that *M.R.* does not sweep so broadly. But it does "import . . . into the IDEA context" the principle that "permanent procedural relief," irrespective of when it is awarded in the course of litigation, confers prevailing party status "when obtained through an independent merits determination," *M.R.*, 868 F.3d at 226, and for the reasons we explain, Plaintiffs here, as in *M.R.*, did obtain such relief.

guaranteed by the IDEA, and if the relief she obtains is not "temporary forward-looking injunctive relief," *id.* at 230, then she is a "prevailing party" under the IDEA attorneys' fee provision and is eligible for an award of attorneys' fees, 20 U.S.C. § 1415(i)(3)(B)(i). Particularly given "the importance Congress attached" to the IDEA's procedural safeguards, *Rowley*, 458 U.S. at 205, we readily conclude that even a purely procedural victory under the IDEA can confer prevailing party status.

Such is the case here, where Plaintiffs vindicated their right to an IDEA procedural due process hearing. *See id.* § 1415(f). That remedy, for purposes of Plaintiffs' procedural rights, is permanent relief, cannot be nullified later, and thus is not "temporary forward-looking injunctive relief." *M.R.*, 868 F.3d at 230; *cf. J.O.*, 287 F.3d at 273-74. Plaintiffs therefore are "prevailing part[ies]" under the IDEA, and they are eligible for an award of "reasonable attorneys' fees," 20 U.S.C. § 1415(i)(3)(B)(i), to be set by the District Court in its discretion, *see M.R.*, 868 F.3d at 230 & n.9; *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

## IV. Conclusion

For the foregoing reasons, we will reverse and remand for proceedings consistent with this opinion.

15