**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-3342

———————————

L. W.,
Appellant

v.

JERSEY CITY BOARD OF EDUCATION;
THE PARSIPPANY - TROY HILLS BOARD OF EDUCATION

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-17-cv-06451)
District Judge: Hon. Susan D. Wigenton

———————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 16, 2020

Before: JORDAN, MATEY, and ROTH, *Circuit Judges*.

(Filed: August 19, 2020)

———————————

OPINION*

———————————

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

L.W. believes she qualified for special educational services under federal and state law. She sued the Jersey City Board of Education (the "Board"), but an administrative law judge found for the Board. A later appeal to the District Court led to an order remanding her case to the ALJ for further findings. L.W. now asks this Court to review the District Court's decision, but we lack jurisdiction because there is no final order. So we will dismiss.

## I. BACKGROUND

L.W., now an adult, attended the Jersey City Public School System from 1999 to 2010. Though an evaluation found that L.W. needed special educational assistance, the Board could not obtain consent from L.W.'s parents. As a result, L.W. received no special aid. Well after her graduation, L.W. petitioned the New Jersey Office of Administrative Law, raising claims under the Individuals with Disabilities Education Act (the "IDEA"), § 504 of the Rehabilitation Act, the Americans with Disabilities Act, and New Jersey state law.

The parties cross-moved for a summary decision on L.W.'s petition. Following oral argument, the ALJ granted the Board's motion, holding L.W.'s claims were time barred.

L.W. appealed the ALJ's decision, and the parties both moved for summary judgment. The District Court denied both motions, finding unresolved factual issues from "gaps in the record." (App. at 12.) The District Court further held that because the ALJ had

not held a due process hearing,[1] the record "fail[ed] to answer basic and preliminary questions regarding what L.W.'s parents knew at any given point in time." (App. at 13.) As a result, the District Court remanded L.W.'s case back to the ALJ with instructions to hold a due process hearing and address the open issues.

Both parties then asked the District Court to reconsider its order, but the District Court declined. First, the court held that the Board's request was no more than a disagreement with the finding that the record was unclear about who could make decisions for L.W. Second, the court viewed L.W.'s motion as seeking clarification on whether she had standing to maintain claims in her own right (rather than her parents bringing claims on her behalf). So the court clarified that on remand the ALJ should consider L.W.'s testimony on what she knew or should have known about her eligibility for special education services. L.W. now appeals both the remand order and the denial of her motion for reconsideration. But because we hold that the remand order is not a final order under 28 U.S.C. § 1291, we must dismiss.[2]

---

[1] The IDEA provides that complaints regarding the educational needs of a disabled child must be allowed the opportunity for a "due process hearing" before an impartial hearing officer. 20 U.S.C. § 1415(f).

[2] L.W. also appealed the District Court's September 19, 2018 order on her motion for reconsideration, but as the District Court noted, that motion was more accurately read as a motion for clarification of the District Court's July 23, 2018 remand order. In its September 19 order and opinion, the District Court provided the requested clarification and did not make any independent decisions about L.W.'s motion for reconsideration. The arguments L.W. makes when referring to the September 19 order and opinion are targeted at decisions made in the remand order, and because we lack jurisdiction over the remand order, we may not address those decisions.

## II. ANALYSIS

Congress has limited our jurisdiction to "final decisions of the district courts." 28 U.S.C. § 1291. So as a court of limited review, we begin by confirming our jurisdiction. *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012).

### A.     The Remand Order Is Not Final Under § 1291

We have explained the "general principle" that "orders remanding cases to administrative agencies are not final and appealable." *Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 270 (3d Cir. 2013) (quoting *Bhd. of Maint. of Way Emps. v. Consol. Rail Corp.*, 864 F.2d 283, 285 (3d Cir. 1988)). But merely stating that principle is not enough, and a court must still consider whether a particular remand order is a final decision under § 1291. *Id.* at 271. We have explained that an administrative remand order satisfies the statutory definition of finality where 1) remand resolves a question of law, 2) the legal issue is important, and 3) "denial of immediate review will foreclose appellate review in the future."[3] *Id.* at 270 (internal quotation marks omitted). Applying this test, we have held that a remand order was appealable where, for example, it "left no part of [the] petition undecided," leaving nothing for the agency or district court to determine and ending the litigation. *United Steelworkers of Am. Loc. 1913 v. Union R.R. Co.*, 648 F.2d 905, 910 (3d

---

[3] *Papotto* crafted this test from a statement in *Kreider Dairy Farms, Inc. v. Glickman* noting that appellate review is appropriate "when a District Court finally resolves an important legal issue in reviewing an administrative agency action and denial of appellate review before remand to the agency would foreclose appellate review as a practical matter." 190 F.3d 113, 118 (3d Cir. 1999) (quoted in *Papotto*, 731 F.3d at 270). This language merely implements the finality requirement in § 1291 as "courts of appeals do not have authority to create exceptions to congressional limits on jurisdiction." *Papotto*, 731 F.3d at 270.

Cir. 1981). In contrast, this Court has held that where a remand order "instruct[ed] the [agency] to consider additional evidence and engage in a fact-finding process," the decision was not final. *Papotto*, 731 F.3d at 274.[4]

Here, the District Court's order did not finally resolve any issue. Indeed, the court held it could not make any determination on the current record. Rather than leaving the ALJ with nothing to do on remand other than execute judgment, the order instructed the ALJ to hold an evidentiary hearing. And as a result, the remand order did not, and could not, address L.W.'s request for relief under the IDEA. Instead, the District Court remanded the case to the ALJ for further proceedings and "instruct[ed] the [ALJ] to consider additional evidence and engage in a fact-finding process." *Id.* So the order did not finally resolve any issue, and is not appealable.

## B.    The Remand Order Is Not Final Under the IDEA

Seeking an alternative jurisdictional hook, L.W. also argues that the IDEA itself is best read to make *any* remand order final under § 1291, drawing support from the Social Security Act, 42 U.S.C. § 405(g). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such

---

[4] Our decision in *H.E. v. Walter D. Palmer Leadership Learning Partners Charter School*, 873 F.3d 406, 411–12 (3d Cir. 2017) is instructive. There, we reviewed an order denying attorneys' fees in an IDEA matter. But we noted that order "end[ed] litigation upon the merits and [left] nothing for the court to do but execute the judgment." *Id*. at 412 (alterations in original) (quotation marks omitted). And we noted that dismissing the "appeal would have the practical effect of denying later appellate review." *Id*. at 411–12 (internal quotation marks omitted). Neither circumstance exists here. Rather than resolving the issues raised by L.W., the District Court concluded that unresolved issues of fact prevented consideration of the legal issues. Nor has L.W. explained why later review of those legal questions would be foreclosed.

decision by a civil action." § 405(g). L.W. points to similar language in the IDEA and, relying largely on this language, argues that her appeal must also challenge a final order.[5]

But the full text of § 405(g) makes all the difference. Section 405(g) provides that a district court reviewing a final agency decision "shall have power to enter . . . a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." § 405(g). And as the Supreme Court has explained, a remand order requiring a rehearing "is a 'judgment' in the terminology of § 405(g)." *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990). Section 405(g) further provides that "[t]he judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions." § 405(g). The IDEA omits this description of a rehearing order, and does not state that any decision of a district court reviewing an agency decision "shall be final." And it is this language in § 405(g) that anchored the Supreme Court's holding that the remand order in *Sullivan* was final. As a result, the *ability* of a party to obtain judicial review of an agency decision under the IDEA does not, on its own, turn a district court's remand order into a final judgment.

### III. CONCLUSION

The District Court's order remanding the matter to the ALJ for a due process hearing is not a final order under § 1291. As a result, we lack jurisdiction to review this appeal and must dismiss.

---

[5] The IDEA provides that "[a]ny party aggrieved by the findings and decision made" in an IDEA due process hearing "shall have the right to bring a civil action with respect to the complaint" that led to the due process hearing in a federal district court. 20 U.S.C. § 1415(i)(2)(A).