**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2048
_____

G.W.; K.W.; *M.W.,
Appellants

v.

RINGWOOD BOARD OF EDUCATION, DBA Ringwood School District;
NEW JERSEY DEPARTMENT OF EDUCATION; NEW JERSEY COMMISSIONER
OF EDUCATION; NEW JERSEY OFFICE OF ADMINISTRATIVE LAW

(*Dismissed Pursuant to Clerk Order dated February 12, 2025)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:21-cv-20657)
District Judge:  Honorable Jamel K. Semper

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: August 27, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

G.W. and K.W. (collectively, the "Appellants") appeal pro se from the District Court's order granting the defendants' motions to dismiss. We will affirm.

I.

The Appellants are the parents of M.W., a New Jersey student who transferred into the Ringwood Board of Education ("Ringwood") school system in 2015. Ringwood evaluated M.W. and concluded that he was eligible for special education and related services under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415 *et seq.* ("IDEA"). Individual Education Plans ("IEPs") were developed for M.W. for the 2015–2016, 2016–2017, and 2017–2018 school years.

The Appellants have not provided their consent to re-evaluate M.W. since 2016, and they withheld consent when Ringwood initiated a November 2019 re-evaluation meeting. In January 2020, Ringwood filed a request for an administrative due process hearing and sought various forms of relief, including an injunction requiring the Appellants to consent to a re-evaluation of M.W. The administrative law judge declined to issue the injunctive relief, but he ordered that as long as the Appellants withheld their consent, the IDEA and implementing regulations would limit the Appellants' rights to raise challenges to M.W.'s placement and programming under the IDEA. See Ringwood Bd. of Educ. v. K.W. & G.W., OAL No. EDS 02167-20, 2021 WL 8322401, at *4 (N.J. Adm. Sept. 24, 2021) (citing N.J.A.C. 6A:14-2.3(c), (e)); see also 34 C.F.R. § 300.300(c).

In December 2021, the Appellants filed a counseled complaint in the District Court. The complaint named the Appellants and M.W. as plaintiffs; it named as

defendants the Appellees here, including Ringwood and various New Jersey state entities. The complaint challenged the administrative proceedings and raised claims under the IDEA, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.* ("NJLAD"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Section 504"). Ringwood filed an answer and counterclaims. The District Court dismissed all of the counterclaims except Ringwood's claim for attorney's fees under the IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(II–III).

In July 2022, the Appellants' counsel filed a motion to withdraw. In October 2022, the District Court issued an opinion and order granting the motion, providing the Appellants with 60 days to find substitute counsel or proceed pro se, and noting that M.W. could not proceed pro se in federal court. After the Appellants and M.W. failed to secure counsel by the extended deadline of August 31, 2023, the defendants filed motions to dismiss.

The District Court granted the motions and dismissed the complaint. The District Court concluded that M.W. could not proceed pro se in federal court, that the Appellants lacked standing to bring any claims on behalf of M.W., and that the Appellants lacked standing to bring their own claims because they failed to allege an injury under the relevant statutes. This timely appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. See D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 564 (3d Cir. 2010).[1] "We exercise de novo review of a dismissal for a lack of standing, accepting the facts alleged in the complaint as true and construing the complaint in the light most favorable to the non-moving party." Barclift v. Keystone Credit Servs., LLC, 93 F.4th 136, 141 (3d Cir. 2024) (cleaned up). We construe the Appellants' pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We review for abuse of discretion the District Court's order granting counsel's motion to withdraw. See Ohntrup v. Makina Ve Kimya Endustrisi Kurumu, 760 F.3d 290, 294 (3d Cir. 2014).

III.

We agree with the District Court's determination that the pro se Appellants cannot pursue any claims on behalf of their son, so we discuss only the issues that the Appellants have raised on appeal with respect to their own claims. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882–83 (3d Cir. 1991) (holding that a non-lawyer appearing pro se "was not entitled to play the role of attorney for his children in federal court"). Because the Appellants' claims under Section 504, the ADA, and the NJLAD were based on alleged injuries to M.W., the District Court properly dismissed these claims for lack of

---

[1] The District Court's dismissal for lack of standing is a final order which was properly entered without prejudice. See Thorne v. Pep Boys Manny Moe & Jack Inc., 980 F.3d 879, 896 (3d Cir. 2020). The pending IDEA attorney's fees issue does not divest our Court of jurisdiction. See H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch., 873 F.3d 406, 412 n.4 (3d Cir. 2017).

standing, as the Appellants failed to allege that they suffered any legally cognizable injury for these causes of action. See generally Barclift, 93 F.4th at 146.

The District Court properly explained that while the Appellants have substantive rights under the IDEA that they could pursue pro se, see Winkelman ex. rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 535 (2007), the Appellants failed to allege any injury based on the alleged violations of those rights. In their brief, the Appellants devote only two pages to their alleged IDEA injury, arguing that the state administrative proceedings somehow removed M.W.'s right to a free appropriate public education ("FAPE") "retroactively." Appellants' Br. at 27–28. But the Appellants have failed to allege or explain how M.W.'s right to a FAPE was impeded. In fact, Ringwood initiated the due process hearing because it wanted to obtain the consent required to re-evaluate M.W. for the services needed to provide him with a FAPE. The administrative law judge determined that as long as consent was not provided, the IDEA and implementing regulations would limit the Appellants' rights to bring certain challenges regarding the provision of a FAPE. See Ringwood, 2021 WL 8322401, at *4. Under these circumstances, the Appellants have not shown that any alleged procedural errors in the administrative process (which they participated in) are actionable under the IDEA, as they have not alleged how any such error "result[ed] in a loss of educational opportunity for the student, seriously depriv[ed] parents of their participation rights, or caus[ed] a deprivation of educational benefits." D.S., 602 F.3d at 565.

The majority of the Appellants' brief is dedicated to challenging the District Court's order permitting the Appellants' attorney to withdraw. See Appellants' Br. at

5

11–27.  We discern no abuse of discretion in the District Court's well-reasoned opinion and order which explained, among other things, that there was an undisputed breakdown in communication and that, given the early stage of the proceedings and the time permitted to find replacement counsel, the Appellants would not suffer prejudice.  See ECF No. 50 at 5–7; see also LabMD Inc. v. Boback, 47 F.4th 164, 190–91 (3d Cir. 2022).

Accordingly, we will affirm.